IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY PAUL BIRDWELL,

    Plaintiff,                    No. CIV S-10-719 GGH P

    vs.

M. CATES, et al.,

    Defendants.          <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

1    In reviewing a complaint under this standard, the court must accept as true the
2 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
3 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
4 and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
5 1843 (1969).

6    Plaintiff alleges that defendants have discriminated against him as well as violated
7 his First Amendment right to practice his religion, Asatru/Odinist. But for the following claims,
8 the complaint states colorable claims for relief.

9    Plaintiff alleges that defendants refused inmate Mayfield, an Odinist, a cell move
10 because he was trying to "stack Odinists." Complaint, ¶ 57. Plaintiff does not have standing to
11 raise this claim because he does not allege that he suffered any injury as a result of defendants'
12 refusal to let inmate Mayfield change his cell. Allen v. Wright, 468 U.S. 737, 751, 104 S.Ct.
13 3315, 3324 (1984) (in order to establish standing, "[a] plaintiff must allege [1] personal injury [2]
14 fairly traceable to the defendant's allegedly unlawful conduct and [3] likely to be redressed by the
15 requested relief." ). Accordingly, this claim is dismissed.

16    Plaintiff also alleges that defendants confiscated inmate Mayfield's religious
17 books. Complaint, ¶ 58. Plaintiff does have standing to raise this claim. Allen v. Wright, supra.

18    As a legal claim plaintiff alleges a violation of the Americans with Disabilities
19 Act (ADA). Complaint, ¶ 64. Plaintiff alleges that defendants refused to provide
20 accommodations to the disabled inmates so that they could participate in the Odinist ceremonies.
21 However, plaintiff does not allege that he, himself, is disabled. For that reason, he does not have
22 standing to raise this claim. Allen v. Wright, supra.

23    Finally, the complaint contains no specific allegations against defendant Vallery.

24    The Civil Rights Act under which this action was filed provides as follows:

25    Every person who, under color of [state law] . . . subjects, or causes
       to be subjected, any citizen of the United States . . . to the
26     deprivation of any rights, privileges, or immunities secured by the

3

        Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

        Because the complaint contains no allegations against defendant Vallery, the claims against him are dismissed.

        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore,

vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims regarding defendants' treatment of inmate Mayfield, the claims against defendant Vallery and his ADA claim are dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: April 30, 2010

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

bird719.b1