1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BILLY PAUL BIRDWELL, II,

11          Plaintiff,                    No. CIV S-10-0719 KJM GGH P

12     vs.

13   M. CATES, et al.,

14          Defendants.               FINDINGS & RECOMMENDATIONS

15   _____/

16          Plaintiff is a prisoner proceeding pro se and in forma pauperis with a civil rights

17   action pursuant to 42 U.S.C. § 1983.  This action arises out of allegations that plaintiff's ability

18   to practice his religion was violated under the First Amendment and RLUIPA.

19          On April 11, 2011, plaintiff filed a motion for a preliminary injunction alleging

20   that he was transferred from Mule Creek State Prison (MCSP) to another institution in retaliation

21   for the instant litigation.[1]  Plaintiff contends that defendants took this action as many of the

22   claims in the instant federal civil rights action would become moot as a result of this transfer.

23   Defendants were ordered to file a reply to plaintiff's motion and defendants complied.

24   \\\\

25   _____

26          [1] Plaintiff also filed a civil rights action in this court on March 11, 2011, containing the
     same allegations as the instant motion for a preliminary injunction.  See S-11-0685 JAM EFB

1   Preliminary Injunction/Temporary Restraining Order

2           "The proper legal standard for preliminary injunctive relief requires a party to

3   demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm

4   in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

5   injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.

6   2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7,  129 S.Ct. 365, 374 (2008).

7   The "serious questions" on the merits test survives, but requires an even clearer showing of

8   irreparable harm and hardship if a preliminary  injunction were not to be granted.  Alliance for

9   the Wild Rockies, 632 F.3de 1127, 1131-32 (9th Cir. 2011).

10          In cases brought by prisoners involving conditions of confinement, any

11  preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

12  harm the court finds requires preliminary relief, and be the least intrusive means necessary to

13  correct the harm."  18 U.S.C. § 3626(a)(2).

14          Plaintiff filed the instant complaint on March 25, 2010.  Plaintiff was transferred

15  from MCSP to another prison on January 18, 2011.  The court ordered service on defendants on

16  February 9, 2011.  Plaintiff alleges that this transfer was retaliatory and many of his claims will

17  become moot as a result of the transfer.  Plaintiff is classified as a Level III inmate in the

18  Sensitive Needs Yard (SNY).  Plaintiff alleges that MCSP was still accepting new Level III

19  inmates when he was transferred.  Defendants state that plaintiff was transferred based on the

20  loss of many Level III beds in MCSP as part of routine changes set forth by CDCR.

21          Defendants state that CDCR prepares an Institution Activation Schedule (IAS)

22  each fiscal year which is revised every two months to reflect changes in the number of inmates

23  requiring particular types of housing.  Beds are activated (opened) or deactivated (closed) based

24  on changes in those numbers.  An IAS that was issued in May 2010, was revised on September

25  30, 2010, and ordered that MCSP was to close 108 Level III beds in the B Dayroom beginning in

26  October 2010, and an additional 108 Level III beds were to be closed in the C Dayroom

1   beginning November, 2010.  Opposition, Exh. C, Decl. of Fletes at ¶ 5; Exh. C, Attachment 1

2   Table.

3              As a result of the loss of so many beds, staff at MCSP needed to identify inmates

4   who could be moved to other institutions that housed Level III SNY inmates, and those inmates

5   who could not be moved.  On October 10, 2010, a unit classification committee (UCC) hearing

6   was held to review plaintiff's status.  Two of the members of the UCC committee are defendants

7   in this action.  The committee found that plaintiff could be transferred without any adverse

8   effects and it would not change his custody level or work/privilege group status.  Plaintiff

9   objected and alleged he was being transferred in retaliation for his lawsuit.  The committee noted

10  the objections but recommended the transfer anyway.

11             Defendants also state that the transfer was ordered in 2010, but the court did not

12  order the complaint to be served until February 2011, and the defendants did not receive notice

13  until after that.  Defendants argue that they could not retaliate against plaintiff for litigation as

14  they were not aware of the litigation and who was named as individual defendants.  While

15  defendants raise a valid point, it is at least possible that they could have been aware that plaintiff

16  had filed grievances or named them as defendants in the instant complaint.

17             Yet, regardless of what defendants were aware of in terms of a filed litigation,

18  plaintiff has failed to meet his burden for a preliminary injunction.  Plaintiff has failed to

19  demonstrate even serious questions that his transfer was in retaliation for this litigation.

20  Certainly, plaintiff has produced no evidence, but the transfer itself after litigation was filed (but

21  without service on defendants), that the motivation for the transfer involved retaliation.[2]  Nor

22  does plaintiff support his assertion that defendants were aware of the legal status (potential

23

24            [2] The complaint and motion for a preliminary injunction only contain general allegations
    that plaintiff was warned he would be transferred if he continued his litigation.  Plaintiff never
25  identifies a specific defendant who made this statement and there are nearly 20 defendants in this
    case.  Even if one of the defendants made this statement there were only a few defendants
26  responsible for the transfer.  These general allegations are insufficient.

1 | mootness) for injunctive relief claims upon transfer.

2 |      More importantly, it is undisputed that MCSP had to close 216 beds for inmates

3 | with the same status as plaintiff, and defendants succeeded in keeping plaintiff's status and

4 | classification the same at the new facility.  Had no beds been closed and plaintiff was forced to

5 | transfer *by himself*, then it is possible that plaintiff would have a possibly meritorious claim.

6 | However, the reality is that staff were confronted with having to close a large number of beds,

7 | transfer inmates and attempt to keep all inmates in the same status and custody level.  That

8 | plaintiff had pending litigation and was transferred is insufficient to show retaliation in this

9 | context.  It is possible that other inmates had filed law suits and were transferred, but that does

10 | not prove that all of those inmates were also the victims of retaliation.  Plaintiff has failed to

11 | show that he will probably succeed on the merits for this claim, or even serious questions going

12 | to the merits, or that he will suffer irreparable harm.  In fact, defendants have set forth facts that

13 | show plaintiff has the ability to practice his religion at the new facility.  For all these reasons

14 | plaintiff's motion for a preliminary injunction should be denied.

15 |      Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a

16 | preliminary injunction (Doc. 38) be denied.

17 |      These findings and recommendations are submitted to the United States District

18 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

19 | days after being served with these findings and recommendations, any party may file written

20 | objections with the court and serve a copy on all parties.  Such a document should be captioned

21 | "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

22 | shall be served and filed within seven days after service of the objections.  The parties are

23 | \\\\

24 | \\\\

25 | \\\\

26 | \\\\

1  advised that failure to file objections within the specified time may waive the right to appeal the

2  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: June 2, 2011

4                                                          /s/ Gregory G. Hollows

5  _____
                                                  UNITED STATES MAGISTRATE JUDGE

6  GGH: AB
   bird0719.tro

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26