IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY PAUL BIRDWELL, II,

    Plaintiff,                    No. CIV S-10-0719 KJM GGH P

   vs.

M. CATES, et al.,

    Defendants.         ORDER

/

Introduction

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the approximately 19 defendants infringed on his ability to practice his religion, Asatru-Odinism, at Mule Creek State Prison (MCSP). In part, plaintiff was denied access to funds, classroom time, a spiritual advisor, the ability to purchase religious goods, adequate lighting for outdoor worship, and Native American religions were provided a larger outdoor space and the ability to have a fire pit. Pending before the court is plaintiff's motion to compel discovery (Doc. 66), filed August 4, 2011.

////

////

////

Motion to Compel Discovery

A party may bring a motion to compel discovery when another party has failed to respond or respond adequately to a discovery request. Fed. R. Civ. P. 37(a)(3). A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" but "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). As the moving party, plaintiff bears the burden of informing the court which discovery requests are the subject of his motion to compel and for each disputed response, why defendants' objections are not justified or why the response provided is deficient.

Plaintiff first seeks the court to compel the defendants to provide discovery for the following document request:

> Any and all 'Statistical' information on the quantity of inmate appeals related to religious rights were submitted at the Director's Level of review from January 2007 to April 2010; how many of those appeals were granted, partially granted, and denied; The 'statistical' information related to Mule Creek State Prison as the number of "Staff Complaints"received as meeting the criteria for further review under the Wardenship of M. Martel.

Motion to Compel (MTC) at 21.[1]

Defendants objected to this request on the ground that it is overly broad, burdensome, and not reasonable calculated to lead to the discovery of admissible evidence. MTC at 43. Defendants have also indicated that CDCR did not maintain records as to the subject matter of an appeal until July 2008, and there is no subcategory for specific religions. Opposition at 3. From July 2005 to April 30, 2010, there were over 400 appeals filed by MCSP inmates concerning religion. Id.

Plaintiff states that he needs this information to prove that virtually every single religious appeal at MCSP was denied establishing a pattern of conduct. MTC at 6. However, a

---

[1] The court has referred to all page number as they appear on the electronic docketing system.

1   "pattern of conduct" with respect to religions in general is not an element of the claim plaintiff
2   needs to prove; the denial of appeals from other inmates regarding other religions is not at issue
3   in this case.  At issue in this case is if the defendants *in this case* interfered with plaintiff's ability
4   to practice *hi*s religion.  Moreover, it is likely that the religious grievances by inmates involves
5   very case specific facts – facts which would bear no relation to the facts of this case.  If other
6   prison officials obstructed another inmate's ability regarding a specific issue, or not, it is
7   immaterial to this case and plaintiff's allegations in the instant complaint.  Also, what may have
8   been a substantial burden on the practice of religion in one case may not be a substantial burden
9   in another case, even if the same deprivation is involved, because of differing religious tenets.
10  Defendants have indicated, and plaintiff does not dispute, that plaintiff has access to all of his
11  inmate appeals and the decisions issued by the defendants.  With respect to plaintiff's request for
12  information concerning all staff complaints, the requests is similarly flawed.  This action
13  involves plaintiff's allegations that he was unable to practice his religion, and this discovery
14  request does not provide information relevant to the instant complaint.
15          Moreover, to the extent plaintiff seeks to impose liability for certain defendants
16  denying plaintiff's inmate appeals, prisoners do not have a "separate constitutional entitlement to
17  a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003),
18  citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).  Even the nonexistence of, or the
19  failure of prison officials to properly implement, an administrative appeals process within the
20  prison system does not raise constitutional concerns.  Mann v. Adams, 855 F.2d at 640.  See also,
21  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir.
22  1991); Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure
23  is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it
24  does not give rise to a protected liberty interest requiring the procedural protections envisioned
25  by the fourteenth amendment").  Specifically, a failure to process a grievance does not state a
26  constitutional violation.  Buckley, supra.

1    This court is unwilling to adopt a rule that anyone involved in adjudicating
2 grievances after the fact is per se potentially liable under a ratification theory.  However, this is
3 not to say that persons involved in adjudicating administrative disputes, or persons to whom
4 complaints are sometimes made can never be liable under a ratification theory.  If, for example, a
5 reviewing official's rejections of administrative grievances can be construed as an automatic
6 whitewash, which may have led other prison officials to have no concern of ever being
7 reprimanded, a ratifying official may be liable for having put a defective policy in place.  Yet in
8 reviewing this case, it is clear that plaintiff has been provided latitude in the ability to practice his
9 religion and there is no indication of any automatic denial of appeals from the defendants.  For
10 example, plaintiff was provided an outdoor space to practice his religion, but states that balls
11 from a nearby handball court bounce away and disturb the religious space.  It seems a fence was
12 built or was already in place but plaintiff alleges the fence is not tall enough and defendants'
13 refusal to build a taller fence is violating his constitutional rights.  Denial of this grievance does
14 not demonstrate an automatic whitewash by defendants.  The motion to compel for this request is
15 denied.

16    Plaintiff also contends that defendant Fletes changed the classification of a
17 disciplinary violation and plaintiff posed several questions regarding this issue in a request for
18 admissions.  MTC at 15-16.  Defendant responded that the only violation sheet is not the
19 original, the signature on the sheet which changed the classification is not legible and defendant
20 does not recall whether he was the person who changed the classification.  MTC at 56-58.
21 Plaintiff states that the copy of the classification sheet is clear and essentially that defendant
22 should be able to identify his own signature and is simply evading the question.

23    The court has viewed the document in question (MTC at 53), and while some of
24 the handwriting is legible the court is unable to decipher any names from the various signatures.[2]

---

[2] The court is not sure which signature plaintiff is referring to and there are several.

4

Plaintiff is not content with the answer that defendant does not recall whether he changed the classification and cannot identify his signature, if it is in fact there. Defendant has provided his answer and the court cannot compel defendant to try to remember or identify a signature that defendant states he is unable to decipher. If this case proceeds to trial, plaintiff has the ability to cross examine the defendant regarding this issue and it is a matter of fact for the jury whether the signatures are illegible or not. Therefore, the request to compel this answer is also denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (Doc. 66) is denied.

DATED: October 24, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:AB
bird0719.cpl