IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BILLY PAUL BIRDWELL, II,

    Plaintiff,                                    No. 2-10-cv-00719-KJM-AC

    vs.                                              ORDER

M. CATES,[1] CDCR SECRETARY; et al.,

    Defendants.

                                               /

I.    FACTUAL AND PROCEDURAL BACKGROUND

        Plaintiff is a state prisoner bringing a civil rights action pursuant to 42 U.S.C. § 1983. On May 11, 2010, plaintiff filed a First Amended Complaint, alleging that the approximately seventeen served defendants infringed on his ability to practice his religion, Asatru-Odinism, at Mule Creek State Prison (MCSP). (ECF 88.) Defendant D. Baptista is a Catholic priest at MCSP. Defendant S. Barham was a Protestant chaplain at MCSP and is now retired. (ECF 88 at 13 n.5.) Defendants were employed at MCSP when plaintiff filed the lawsuit, and plaintiff sought only injunctive relief against them. (ECF 88 at 13.) While the case was pending, plaintiff was transferred to another prison. (*Id.*) Defendants filed a motion for

---

[1] Mr. Cate is no longer Secretary of CDCR. If this case proceeds, the new Secretary will be substituted in. FED. R. CIV. P. 25.

summary judgment, arguing among other things that plaintiff's claims for injunctive relief against Barham and Baptista were mooted by his transfer to another prison. (ECF 81-1 at 15.) In his opposition, plaintiff conceded these claims were moot. (ECF 85 at 17.) The court concluded that plaintiff's claims against defendants Baptista and Barham were moot. On May 9, 2012, the Magistrate Judge issued Findings and Recommendations recommending granting defendants' motion for summary judgment (ECF 88), which were adopted by this court on October 5, 2012. (ECF 95.)

On October 10, 2012, defendants Baptista and Barham submitted their bill of costs. (ECF 97.) On November 13, 2012, a deputy clerk of court taxed costs against plaintiff in the amount of $649.55, which included $520.35 for obtaining recorded transcripts, $110.20 for printing fees, and $19.00 for docket fees under 28 U.S.C. § 1923. (ECF 101.) It does not appear the bill of costs was served on plaintiff. (ECF 102.) The court will order a copy served now.

On February 27, 2013, after reassignment of the case to a different Magistrate Judge, the same deputy clerk issued a minute order denying costs to defendants, on the grounds that there had been no trial or evidentiary hearing. (ECF 104.) Defendants move for reconsideration of the denial of costs. (ECF 105.) Plaintiff did not respond to defendants' motion even though the court gave him the opportunity to do so. (ECF 106.) The defendants' motion and the court's notice to plaintiff had the effect of informing him of the substance of the bill of costs.

II. STANDARD OF REVIEW

A district court's review of the clerk's determination of costs is reviewed de novo. *Rivera v. Nibco*, 701 F. Supp. 2d 1135, 1137 (E.D. Cal. 2010) (citing *Lopez v. San Francisco Unified Sch. Dist.*, 385 F. Supp. 2d 981, 1000-01 (N.D. Cal. 2005)).

"Unless . . . a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party." FED. R. CIV. P. 54(d). Under Rule 54, the district court generally has discretion to determine what constitutes a taxable cost within the

meaning of 28 U.S.C. § 1920.  *See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1997); *Alflex Corp. v. Underwriters' Lab., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990).

III. ANALYSIS

"A district court deviates from normal practice when it refuses to tax costs to the losing party, and that deviation triggers the requirement to 'specify reasons.'" *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (citing *Assoc. of Mexican-American Educators v. California,* 231 F.3d 572, 591 (9th Cir. 2000)).

Defendants who succeed on summary judgment are generally considered the prevailing party for the purpose of taxing costs.  *See San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009) ("By obtaining summary judgment on all of Association's federal claims, and with no claims remaining against them in the district court, Appellees were clearly the prevailing parties in this federal action."); *Lahrichi v. Lumera Corp.*, 433 F. App'x 519, 521 (9th Cir. 2011) (district court did not abuse its discretion in denying plaintiff's motion to re-tax costs, because plaintiff had lost on summary judgment, was not indigent, and there was no evidence of misconduct on the part of the defendant), *cert. denied* 132 S.Ct. 2780 (2012); *Alflex Corp.*, 914 F.2d at 178 (district court had properly taxed costs to plaintiff for deposition copies and private service of process, after defendants succeeded on summary judgment).[2]

The Ninth Circuit has "previously approved as appropriate reasons for denying costs: (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) 'the chilling effect of imposing ... high costs on future civil rights litigants.'" *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003) (citing *Mexican-American Educators*, 231 F.3d at 592).  In addition, "other circuits have held that the following factors are appropriate as justifying denial: (1) the issues in the case were close and difficult; (2)

---

[2] In *Collins v. Gorman*, 96 F.3d 1057, 1059 (7th Cir. 1996), the Seventh Circuit discussed *Alflex* and disapproved of granting costs for private service of process.

the prevailing party's recovery was nominal or partial; (3) the losing party litigated in good faith; and, perhaps, (4) the case presented a landmark issue of national importance." *Id*. (citing *Mexican-American Educators*, 231 F.3d at 592 n.15).

In this case, the fees are for obtaining and printing recorded transcripts, and for docket fees. These fees are listed in 28 U.S.C. § 1920 as among those that may be taxed by a clerk or the court itself. Here, the court finds that the lack of an evidentiary hearing or trial work does not work to defeat defendants' "prevailing party" status after they prevailed on summary judgment. Nor have the lack of a trial or an evidentiary hearing been contemplated in this circuit as a reason to deny costs. Whether, and to what effect, plaintiff is indigent is not cited by the clerk in her denial of costs and plaintiff has not objected on that ground. Nevertheless, plaintiff was allowed to proceed in forma pauperis in this case as his trust account statement showed he had almost nothing in the account at the time he filed the complaint and his application reflected a prison job paying $0.32 an hour. Although the costs in this case are not substantial in the abstract, they are for a man earning far far less than minimum wage. The court denies the application for costs because of plaintiff's indigence.

IT IS THEREFORE ORDERED that:

1. Defendants' motion for reconsideration of the denial of costs is GRANTED; but

2. Defendants' application for costs is DENIED; and

3. So that he has a copy for his records, notwithstanding the fact that the costs are no longer being taxed, the Clerk of Court is requested to serve on plaintiff a copy of the bill of costs originally filed on November 13, 2012 (ECF 101).

DATED: June 18, 2013.

_____
UNITED STATES DISTRICT JUDGE